**The Order of the Court is stated below:**
**Dated:**  December 19, 2022      /s/  MARVIN D BAGLEY
         08:46:29 PM                  District Court Judge

Scott Burns (4283)
**PIUTE COUNTY ATTORNEY**
415 North Main, Suite 105
Cedar City, UT  84721
Telephone: 435-592-9806
BurnsLaw7@gmail.com

## IN THE SIXTH JUDICIAL DISTRICT COURT
## IN AND FOR PIUTE COUNTY, STATE OF UTAH

| | |
|---|---|
| STATE OF UTAH, | **WARRANT OF ARREST** |
| Plaintiff, | |
| vs. | Case No. 221600011 |
| HEBER PEARSON JEFFS, DOB: 07/23/1968 | Judge: |
| Defendant. | |

To the Sheriff of Piute County or any Peace Officer in the State of Utah, the above-named

Defendant, **HEBER PEARSON JEFFS**, has been duly charged by Information with the crime

of Child Kidnapping, a 1ˢᵗ Degree Felony, in the above-entitled Court, and based upon a Petition

for a Warrant of Arrest, a Probable Cause Statement, and a Verification by Scott Burns, the Piute

County Attorney, all filed and submitted in Support of a Warrant of Arrest, you are hereby

commanded to arrest the above-named Defendant and bring him before me, forthwith, at the

Piute County Courthouse, 550 North Main Street, Junction Utah.

Bail is set in the amount of **NO BAIL WARRANT** pending a hearing before the Court.

**END OF ORDER**

Scott Burns #04283
**PIUTE COUNTY ATTORNEY**
415 North Main Street - Suite 105
Cedar City, UT  84721
Telephone: 435-592-9806
Burnslaw7@gmail.com

---

## IN THE SIXTH JUDICIAL DISTRICT COURT,
## IN AND FOR PIUTE COUNTY, STATE OF UTAH

| | |
|---|---|
| STATE OF UTAH,<br>　　　　　Plaintiff,<br><br>vs.<br><br>HEBER PEARSON JEFFS,<br>dob: 07/23/1968<br>　　　　　Defendant. | **INFORMATION**<br><br>Case No. 221600011<br><br>Judge: **MARVIN D. BAGLEY** |

     **COMES NOW** the State of Utah, by and through Piute County Attorney Scott Burns,

and based  upon the review and screening of the investigative materials in this matter, to include

written reports from the Piute County Sheriff's Office, the Beaver County Sheriff's Office, and

the Utah Attorney General's Office, the undersigned complainant, under oath, states on

information and belief that the above-named Defendant, committed the following crimes, to wit:

### COUNT I

**CHILD KIDNAPPING, a First Degree Felony,** in violation of Utah Code Ann. §76-5-301.1 as
follows: That the Defendant, **HEBER PEARSON JEFFS**, on or about August 5th, 2022, in
Piute County, State of Utah, did knowingly and intentionally, without authority of law, and by
means and in any manner, seize, confine, detain, or transport a child without the consent of the
child's parent.

     **DATED** this 19th day of November, 2021.

1

**PIUTE COUNTY ATTORNEY**

**/s/ Scott Burns**

_____

Scott Burns
Utah Bar # 04283

## PROBABLE CAUSE STATEMENT IN SUPPORT OF NO BAIL WARRANT

**COMES NOW** the State of Utah, by and through Piute County Attorney Scott Burns,

also referred to herein as the "Affiant," under oath, and respectfully asserts that there is Probable

Cause to charge the above-named Defendant, **HEBER PEARSON JEFFS** (also referred to

hereafter as "the Defendant") with the criminal offense of Child Kidnapping as set-forth herein.

This Information and Probable Cause Statement are based upon the review and screening of the

investigative materials in this matter, to include written reports from the Piute County Sheriff's

Office, the Beaver County Sheriff's Office, and the Utah Attorney General's Office, as well as

pursuant to conversations with the minor child's Father and Mother, and based upon the

foregoing your Affiant submits that the probable cause to charge the Defendant is as follows, to

wit:

    **1.** That  is a minor female child (hereafter also referred to as "TKB" or "the child" or

"the minor") was born on April 6th, 2012, in Hildale, Utah, and her parents are Rose Jeffs

(hereafter referred to as "the Mother" or "Rose"), and Dowayne Aaron Barlow (hereafter

referred to as "the Father" or "Dowayne"). (_see_ Exhibit "A" attached hereto).

    **2.** That, upon information and belief, sometime within the first year after the child's

birth, the Mother and Father asked the Defendant and his wife, Sarah Steed Jeffs (hereafter

referred to as "Sarah" or "Ms. Jeffs"), to care for TKB as the Mother and Father were splitting up

(marital problems), and that the Mother, Rose Jeffs, already had four (4) other children to care

for at that time and believed that it would be helpful for Mother and Father and TKB. It should

be noted that, upon information and belief, the Defendant is Mother's brother and Father's

brother-in-law, Ms. Jeffs is Mother's and Father's sister-in-law, and the Defendant is TKB's

Uncle. It is further alleged that Mother and Father ultimately did sever their ties and relationship

and Mother moved with her other four (4) children to Cache County, Utah, and Father does not

live with the Mother and that he currently resides in the state of Arizona.

    **3.** Your Affiant alleges, upon information and belief from the police reports, which

contain statements from TKB's Mother and Father, and from your Affiant's interview with the

Father, that over the course of the next 9 or 10 years, TKB continued to live with the Defendant

and Ms. Jeffs, but that Mother and Father had full and unrestricted access to see her, and that

Mother maintained a relationship with her daughter to include visits and taking her to see her

siblings who, currently, live in Cache County, Utah.

    **4.** Your Affiant alleges, upon information and belief, that the Defendant (Heber Pearson

Jeffs) and the Mother (Rose Jeffs) are siblings and are the niece and nephew or Warren Jeffs, the

recognized prophet of the FLDS Church—i.e., their Father is Warren Jeffs brother. It is further

alleged that during the past year, the Defendant was living at 134 East 200 South, Kingston, Utah

84743.

    **5.** Your Affiant alleges, upon information and belief, that the Defendant has been and

remains a loyal and active member of the FLDS Church and recognizes Warren Jeffs as the

prophet of that Church. It is further alleged that Mother (Rose Jeffs) left the FLDS Church, has

not been an active member of this Church for years, and does not recognize Warren Jeffs as

having any power or control over her, her children (including TKB) or her life; in addition Father Dowayne Jeffs also left the FLDS Church and likewise does not recognize Warren Jeffs as a Prophet or as a person having any power or authority over him or his daughter TKB.

**6.** It is alleged, upon information and belief, that sometime within the last year (sometime in 2022) Warren Jeffs announced that he had a revelation [Warren Jeffs is serving a prison sentence in the state of Texas] and also delegated some or all of his authority to his son Helaman Jeffs. It is further alleged, upon information and belief, that through Warren Jeff's revelation he commanded or ordered that the FLDS female members should quit their current employment and activities and "gather" (essentially "shelter in place") and prepare to move to a location or locations (unknown to your Affiant) as directed by Warren Jeffs or Helaman Jeffs. In addition to the foregoing, it is alleged that the male members of the FLDS church were directed by Warren Jeffs and/or Helaman Jeffs to pursue work (primarily construction work) collectively and send monies (either to Helaman Jeffs or directly to female FLDS members who are "gathered") pending further direction or orders from Warren Jeffs and/or Helaman Jeffs.

**7.** It is alleged, upon information and belief, that Warren Jeffs (in his capacity as the Prophet of the FLDS Church) has forbidden female members of the FLDS Church to marry or bear children for several years now, and that this edict is to remain in place until Warren Jeffs states otherwise. It is further alleged that Warren Jeffs, and/or his son Helaman Jeffs, have directed the FLDS members to engage in the course of action set-forth above (females to "gather" and the males to "work" until further direction) in preparation for lifting the ban, or the restriction, from marrying or bearing children, that has been in place for over a decade.

**8.**  Your Affiant asserts that the information set-forth above upon information and belief, in ¶¶ 4-7, is relevant as Mother reported to law enforcement authorities that she had full and free access to see her daughter TKB from birth until August of 2022, at or about the time Warren Jeffs and/or Helaman Jeffs directed the female FLDS members to "gather" and the male FLDS members to "work" and prepare for relocation and the lifting of the "non-marriage edict."

**9.**  It is alleged that sometime in July or early August, 2022, Mother was told that Sarah Jeffs (the Defendant's wife) was no longer taking care of TKB with the Defendant, which was of great concern to the Mother and Father. It is further alleged that, based upon the foregoing, Mother Rose Jeffs called the Defendant (on or about August 3rd, 2022) and asked whether or not Sarah Jeffs was still taking care of TKB, and the Defendant stated, in sum and substance, "it's true that Sarah is no longer with TKB" and that "he was taking care of her now." It is alleged that the Mother asked the Defendant if she could visit TKB and the Defendant said "yes."

**10.**  Your Affiant alleges, based upon the police reports and statements from the Mother Rose Jeffs, that arrangements were made for her to visit her daughter and on or about August 3rd, 2022, and while travelling to see TKB, Mother received a phone call from the Defendant and he stated that the Mother was not to go to his home and that they would meet at a park in Richfield, Utah, instead of his home in Kingston, Utah.

**11.**  It is alleged that the Mother, Rose Jeffs, met with the Defendant at the park in Richfield, Utah, and that the Defendant told her, in sum and substance, that "circumstances have changed and I am going go change things from the way you and Sarah had it set up;" the Defendant further stated that he wasn't "cutting her off from TKB" but that he "just wants to do things differently, his own way." The Mother asserts that she believes the Defendant received

5

directives (communications) from either Helaman Jeffs or Warren Jeffs as to why she was not allowed access to her daughter, as had been the arrangement for years when Sarah Jeffs was with the minor child as her caretaker.

12. Your Affiant is informed that the Mother, Rose Jeffs, emailed the Defendant and stated that she wanted TKB back as she was now in a position to take care of her; it is alleged that the Defendant did not respond to the email and so on or about August 5th, 2022, the Mother travelled to the Defendant's home in Kingston, Piute County, State of Utah, with the intent of taking her daughter into her custody. It is alleged that when Rose arrived at the Defendant's home in Kingston, Utah, that she remained on the doorstep with the Defendant just inside the home and the minor child TKB was standing behind the Defendant in the home.

13. Your Affiant alleges that as the Mother, Rose Jeffs, stood just outside the Defendant's home (as ordered) speaking with the Defendant, and demanding that the Defendant allow her to take her daughter, that the Defendant stated (with TKB standing directly behind him) "I'm taking it further" and that "I will not give TKB up except by force through law enforcement."

14. Your Affiant asserts that, after refusing to allow the Mother to take her child, the Defendant stated that he would not be communicating with her, that he was cutting her off, and that she would "not be allowed access to her child unless she was going to get back into the Church (FLDS) by writing to Helaman Jeffs or Warren Jeffs." It is further alleged that, during this encounter on August 5th, 2022, at the Defendant's home, the Mother Rose Jeffs was not allowed to enter the Defendant's home and the child was not allowed to go outside the home.

**15.** Your Affiant asserts that the Mother went from the Defendant's home to the Piute County Sheriff's Office and asked for assistance in getting her daughter back; it is alleged that the Mother was told she needed a Birth Certificate and/or Court documents that stated she was entitled to take custody of this child from the Defendant.

**16.** Your Affiant is informed that the Mother retained an attorneys, Michael R. Branum and Maureen Minson, in St. George, Utah, and through Court filings the Mother secured an Order Granting Preliminary Injunction, entered by the Honorable John Walton on September 21st, 2022, therein directing the Defendant to immediately deliver TKB to the care and custody of Rose Jeffs, (*see* Exhibit "B" attached hereto) and on September 23rd, 2022, Judge Walton issued a Writ of Assistance to Remove Child, therein directing law enforcement to locate TKB and deliver her to her Mother – and to use reasonable means (including force if necessary to restrain anyone who interferes) to remove the child from the Defendant or third parties. (*see* Exhibit "C" attached hereto).

**17.** On September 22nd, 2022, the Mother again sought assistance from the Piute County Sheriff's Office and Deputy Mike Gayler was assigned to assist her; on information and belief, Rose Jeffs presented the Order Granting Preliminary Injunction and the Birth Certificate (that she was told she needed to obtain assistance from law enforcement) and based upon the foregoing, Piute County Deputy Sheriff Gayler and the Mother went to the Defendant's residence in Kingston, Utah, knocked on the door, for a long time, and were finally greeted by a woman identified as "Leona" (it is alleged that Leona is Sarah Jeffs's sister—i.e., the Defendant's sister-in-law) who told them that TKB is with Heber Jeffs (the Defendant), that they have been gone for approximately four (4) weeks, and that she has no idea when "he" would be

back. It is alleged that Deputy Gayler told "Leona" that if she hears from the Defendant, she needs to tell him to call him (Deputy Gayler) as soon as possible. Your Affiant is informed that, based upon the foregoing, Deputy Gayler entered the minor child TKB in the National Crime Information Center (NCIC) as a "missing person" and informed Mother Rose Jeffs that he would keep an eye on the residence and look for  and the Defendant; neither Deputy Gayler nor the Mother have heard anything, from anyone, regarding TKB's whereabouts since that date.

18.  Your Affiant is informed, and therefore asserts, that from and after September 22nd, 2022, law enforcement authorities have tried to locate Heber Jeffs, the Defendant, by calling places where he was known to be employed and lived (Phaze Construction in Cedar City, Utah, NewEra Manufacturing in Cedar City, and an apartment in Perry, Utah) and officers were told that he no longer works or lives there and they do not know his whereabouts. It is asserted that law enforcement also called telephone numbers associated with the Defendant and called him and left messages -- and also sent emails to the Defendant at a known email address, all with no response. Your Affiant asserts that law enforcement officers were informed that the Defendant might be working with Phaze Construction on a job at the airport in Jackson Hole, Wyoming and that the construction company has rented several residences for workers and that the rentals are located at 180 West Kearns Ave.; 2660 South Juniper Lane, 1900 West Cinnamon Teal Road, and 700 West Ridge Road, all in Jackson Hole, Wyoming (which would be consistent with the information received that Warren Jeffs and/or Helaman Jeffs directed the men to come together and "work") and thus, possibly, the child may be in Jackson Hole, Wyoming, which is across state lines and outside the state of Utah if true. That said, your Affiant asserts that nobody known

to the Mother, the Father, or law enforcement has provided any information regarding the current whereabouts of TKB.

19. Your Affiant alleges, upon information and belief, that the last time TKB was seen by the Mother (or anyone associated with the Mother, the Father and law enforcement) was on August 5th, 2022, in Piute County, State of Utah.

20. Your Affiant asserts, upon information and belief, that the Defendant is not TKB's Father, or Guardian, and has no legal right to exercise care, custody or control over this 10 year old child. It is further asserted that the Defendant knew on August 3rd, 2022, and two-days later, on August 5th, 2022, that Mother Rose Jeffs intended to take custody and control of her daughter and that the Defendant denied her of that right.

21. Finally, your Affiant alleges upon information and belief that the Defendant's whereabouts are unknown, and more importantly the whereabouts of this 10 year old child are unknown, and that the Defendant is the last person observed with the child by Mother Rose Jeffs when the Defendant refused to allow her to take her child.

**BASED** upon the foregoing, the State of Utah asserts that there is Probable Cause to believe that the Defendant, **HEBER PEARSON JEFFS**, committed the crime of Kidnapping, a First Degree felony and that a Warrant for his arrest is necessary to secure his appearance before the 6th Judicial District Court in and for Piute County, State of Utah. In addition, the State of Utah requests that Warrant should be a "No Bail" Warrant and that the Defendant should be held in jail pending a hearing before the Court to determine if bail should be set bail and, if bail is set, the conditions of release.

**DATED** this 19th day of November, 2021.

9

**PIUTE COUNTY ATTORNEY**

**/s/ Scott Burns**

———————————————
Scott Burns
Utah Bar # 04283

**VERIFICATION**

**STATE OF UTAH** )
                :
**COUNTY OF IRON** )

    **SCOTT BURNS,** after being duly sworn, deposes and says: That I am the Piute County Attorney and the Complainant in the above-entitled matter and that I have read the foregoing Information charging the Defendant with the crime set forth above, as well as the Probable Cause Statement.  I further state that, based upon the reports from law enforcement and statements received from Rose Jeffs and Dowayne Jeffs, and evidence collected in the investigation of this case, I have prepared this Information and state under oath and subject to all potential penalties for perjury, that I have read the Affidavit of Probable Cause and the reports and reviewed the evidence and (upon information and belief) I believe the same to be true and have, therefore, affixed my signature to this Information and this Probable Cause Statement as if I had been present and signed the same before a Notary Public, or Sworn the same to be true, under Oath, before the Court, on the date that is set-forth hereafter.

    **DATED** this19th day of December, 2022.

    **PIUTE COUNTY ATTORNEY**

    **/s/ Scott Burns**

———————————————
Scott Burns
Utah Bar # 04283

Scott Burns #04283
**PIUTE COUNTY ATTORNEY**
415 North Main Street - Suite 105
Cedar City, UT  84721
Telephone: 435-592-9806
Burnslaw7@gmail.com

---

**IN THE SIXTH JUDICIAL DISTRICT COURT,
IN AND FOR PIUTE COUNTY, STATE OF**

| | |
|---|---|
| STATE OF UTAH,<br><br>        Plaintiff,<br><br>vs.<br><br>HEBER PEARSON JEFFS,<br>DOB: 07/23/1968<br>        Defendant. | **PETITION FOR WARRANT OF ARREST BASED UPON CRIMINAL INFORMATION AND VERIFIED STATEMENT OF PROBABLE CAUSE**<br><br>Case No. 221600011<br><br>Judge: **MARVIN D. BAGLEY** |

**PETITION FOR WARRANT OF ARREST**

    **COMES NOW** the State of Utah, by and through Piute County Attorney Scott Burns,

and respectfully petitions this Court to issue a Warrant of Arrest, **NO BAIL**, pending a hearing

before the Court, for **HEBER PEARSON JEFFS**.  This Petition is based upon the Statement of

Probable Cause, set-forth hereafter, and Verification, by Scott Burns, Piute County Attorney, as

well as a criminal Information charging the Defendant with Child Kidnapping, a First Degree

Felony, filed this date, therein alleging and verifying that a Warrant of Arrest is supported in fact

and in law.

**VERIFIED PROBABLE CAUSE STATEMENT IN SUPPORT OF ARREST WARRANT**

    **COMES NOW** the State of Utah, by and through Piute County Attorney Scott Burns,

also referred to herein as the "Affiant," under oath, and respectfully asserts that there is Probable

Cause to charge the above-named Defendant, **HEBER PEARSON JEFFS** (also referred to

hereafter as "the Defendant") with the criminal offense of Child Kidnapping as set-forth herein.

This Information and Probable Cause Statement are based upon the review and screening of the

investigative materials in this matter, to include written reports from the Piute County Sheriff's

Office, the Beaver County Sheriff's Office, and the Utah Attorney General's Office, as well as

pursuant to conversations with the minor child's Father and Mother, and based upon the

foregoing your Affiant submits that the probable cause to charge the Defendant is as follows, to

wit:

      1.  That  is a minor female child (hereafter also referred to as "TKB" or "the child" or

"the minor") was born on April 6th, 2012, in Hildale, Utah, and her parents are Rose Jeffs

(hereafter referred to as "the Mother" or "Rose"), and Dowayne Aaron Barlow (hereafter

referred to as "the Father" or "Dowayne"). (*see* Exhibit "A" attached hereto).

      2.  That, upon information and belief, sometime within the first year after the child's

birth, the Mother and Father asked the Defendant and his wife, Sarah Steed Jeffs (hereafter

referred to as "Sarah" or "Ms. Jeffs"), to care for TKB as the Mother and Father were splitting up

(marital problems), and that the Mother, Rose Jeffs, already had four (4) other children to care

for at that time and believed that it would be helpful for Mother and Father and TKB. It should

be noted that, upon information and belief, the Defendant is Mother's brother and Father's

brother-in-law, Ms. Jeffs is Mother's and Father's sister-in-law, and the Defendant is TKB's

Uncle. It is further alleged that Mother and Father ultimately did sever their ties and relationship

and Mother moved with her other four (4) children to Cache County, Utah, and Father does not live with the Mother and that he currently resides in the state of Arizona.

**3.**  Your Affiant alleges, upon information and belief from the police reports, which contain statements from TKB's Mother and Father, and from your Affiant's interview with the Father, that over the course of the next 9 or 10 years, TKB continued to live with the Defendant and Ms. Jeffs, but that Mother and Father had full and unrestricted access to see her, and that Mother maintained a relationship with her daughter to include visits and taking her to see her siblings who, currently, live in Cache County, Utah.

**4.**  Your Affiant alleges, upon information and belief, that the Defendant (Heber Pearson Jeffs) and the Mother (Rose Jeffs) are brother and sister and are the niece and nephew or Warren Jeffs, the recognized prophet of the FLDS Church—i.e., their Father is Warren Jeffs brother. It is further alleged that during the past year, the Defendant was living at 134 East 200 South, Kingston, Utah 84743.

**5.**  Your Affiant alleges, upon information and belief, that the Defendant has been and remains a loyal and active member of the FLDS Church and recognizes Warren Jeffs as the prophet of that Church. It is further alleged that Mother (Rose Jeffs) left the FLDS Church, has not been an active member of this Church for years, and does not recognize Warren Jeffs as having any power or control over her, her children (including TKB) or her life; in addition Father Dowayne Jeffs also left the FLDS Church and likewise does not recognize Warren Jeffs as a Prophet or as a person having any power or authority over him or his daughter TKB.

**6.**  It is alleged, upon information and belief, that sometime within the last year (sometime in 2022) Warren Jeffs announced that he had a revelation [Warren Jeffs is serving a

prison sentence in the state of Texas] and also delegated some or all of his authority to his son

Helaman Jeffs. It is further alleged, upon information and belief, that through Warren Jeff's

revelation he commanded or ordered that the FLDS female members should quit their current

employment and activities and "gather" (essentially "shelter in place") and prepare to move to a

location or locations (unknown to your Affiant) as directed by Warren Jeffs or Helaman Jeffs. In

addition to the foregoing, it is alleged that the male members of the FLDS church were directed

by Warren Jeffs and/or Helaman Jeffs to pursue work (primarily construction work) collectively

and send monies (either to Helaman Jeffs or directly to female FLDS members who are

"gathered") pending further direction or orders from Warren Jeffs and/or Helaman Jeffs.

 **7.**  It is alleged, upon information and belief, that Warren Jeffs (in his capacity as the

Prophet of the FLDS Church) has forbidden female members of the FLDS Church to marry or

bear children for several years now, and that this edict is to remain in place until Warren Jeffs

states otherwise. It is further alleged that Warren Jeffs, and/or his son Helaman Jeffs, have

directed the FLDS members to engage in the course of action set-forth above (females to

"gather" and the males to "work" until further direction) in preparation for lifting the ban, or the

restriction, from marrying or bearing children, that has been in place for over a decade.

 **8.**  Your Affiant asserts that the information set-forth above upon information and belief,

in ¶ 4-7, is relevant as Mother reported to law enforcement authorities that she had full and free

access to see her daughter TKB from birth until August of 2022, at or about the time Warren

Jeffs and/or Helaman Jeffs directed the female FLDS members to "gather" and the male FLDS

members to "work" and prepare for relocation and the lifting of the "non-marriage edict."

9.  It is alleged that sometime in July or early August, 2022, Mother was told that Sarah Jeffs (the Defendant's wife) was no longer taking care of TKB with the Defendant, which was of great concern to the Mother and Father. It is further alleged that, based upon the foregoing, Mother Rose Jeffs called the Defendant (on or about August 3rd, 2022) and asked whether or not Sarah Jeffs was still taking care of TKB, and the Defendant stated, in sum and substance, "it's true that Sarah is no longer with TKB" and that "he was taking care of her now." It is alleged that the Mother asked the Defendant if she could visit TKB and the Defendant said "yes."

10.  Your Affiant alleges, based upon the police reports and statements from the Mother Rose Jeffs, that arrangements were made for her to visit her daughter and on or about August 3rd, 2022, and while travelling to see TKB, Mother received a phone call from the Defendant and he stated that the Mother was not to go to his home and that they would meet at a park in Richfield, Utah, instead of his home in Kingston, Utah.

11.  It is alleged that the Mother, Rose Jeffs, met with the Defendant at the park in Richfield, Utah, and that the Defendant told her, in sum and substance, that "circumstances have changed and I am going to change things from the way you and Sarah had it set up;" the Defendant further stated that he wasn't "cutting her off from TKB" but that he "just wants to do things differently, his own way." The Mother asserts that she believes the Defendant received directives (communications) from either Helaman Jeffs or Warren Jeffs as to why she was not allowed access to her daughter, as had been the arrangement for years when Sarah Jeffs was with the minor child as her caretaker.

12.  Your Affiant is informed that the Mother, Rose Jeffs, emailed the Defendant and stated that she wanted TKB back as she was now in a position to take care of her; it is alleged

that the Defendant did not respond to the email and so on or about August 5th, 2022, the Mother travelled to the Defendant's home in Kingston, Piute County, State of Utah, with the intent of taking her daughter into her custody. It is alleged that when Rose arrived at the Defendant's home in Kingston, Utah, that she remained on the doorstep with the Defendant just inside the home and the minor child TKB was standing behind the Defendant in the home.

13.   Your Affiant alleges that as the Mother, Rose Jeffs, stood just outside the Defendant's home (as ordered) speaking with the Defendant, and demanding that the Defendant allow her to take her daughter, that the Defendant stated (with TKB standing directly behind him) "I'm taking it further" and that "I will not give TKB up except by force through law enforcement."

14.   Your Affiant asserts that, after refusing to allow the Mother to take her child, the Defendant stated that he would not be communicating with her, that he was cutting her off, and that she would "not be allowed access to her child unless she was going to get back into the Church (FLDS) by writing to Helaman Jeffs or Warren Jeffs." It is further alleged that, during this encounter on August 5th, 2022, at the Defendant's home, the Mother Rose Jeffs was not allowed to enter the Defendant's home and the child was not allowed to go outside the home.

15.   Your Affiant asserts that the Mother went from the Defendant's home to the Piute County Sheriff's Office and asked for assistance in getting her daughter back; it is alleged that the Mother was told she needed a Birth Certificate and/or Court documents that stated she was entitled to take custody of this child from the Defendant.

16.   Your Affiant is informed that the Mother retained an attorneys, Michael R. Branum and Maureen Minson, in St. George, Utah, and through Court filings the Mother secured an

6

Order Granting Preliminary Injunction, entered by the Honorable John Walton on September 21st, 2022, therein directing the Defendant to immediately deliver TKB to the care and custody of Rose Jeffs, (*see* Exhibit "B" attached hereto) and on September 23rd, 2022, Judge Walton issued a Writ of Assistance to Remove Child, therein directing law enforcement to locate TKB and deliver her to her Mother – and to use reasonable means (including force if necessary to restrain anyone who interferes) to remove the child from the Defendant or third parties. (*see* Exhibit "C" attached hereto).

**17.** On September 22nd, 2022, the Mother again sought assistance from the Piute County Sheriff's Office and Deputy Mike Gayler was assigned to assist her; on information and belief, Rose Jeffs presented the Order Granting Preliminary Injunction and the Birth Certificate (that she was told she needed to obtain assistance from law enforcement) and based upon the foregoing, Piute County Deputy Sheriff Gayler and the Mother went to the Defendant's residence in Kingston, Utah, knocked on the door, for a long time, and were finally greeted by a woman identified as "Leona" (it is alleged that Leona is Sarah Jeffs's sister—i.e., the Defendant's sister-in-law) who told them that TKB is with Heber Jeffs (the Defendant), that they have been gone for approximately four (4) weeks, and that she has no idea when "he" would be back. It is alleged that Deputy Gayler told "Leona" that if she hears from the Defendant, she needs to tell him to call him (Deputy Gayler) as soon as possible. Your Affiant is informed that, based upon the foregoing, Deputy Gayler entered the minor child TKB in the National Crime Information Center (NCIC) as a "missing person" and informed Mother Rose Jeffs that he would keep an eye on the residence and look for  and the Defendant; neither Deputy Gayler nor the Mother have heard anything, from anyone, regarding TKB's whereabouts since that date.

7

**18.** Your Affiant is informed, and therefore asserts, that from and after September 22nd, 2022, law enforcement authorities have tried to locate Heber Jeffs, the Defendant, by calling places where he was known to be employed and lived (Phaze Construction in Cedar City, Utah, NewEra Manufacturing in Cedar City, and an apartment in Perry, Utah) and officers were told that he no longer works or lives there and they do not know his whereabouts. It is asserted that law enforcement also called telephone numbers associated with the Defendant and called him and left messages – and also sent emails to the Defendant at a known email address, all with no response. Your Affiant asserts that law enforcement officers were informed that the Defendant might be working with Phaze Construction on a job at the airport in Jackson Hole, Wyoming and that the construction company has rented several residences for workers and that the rentals are located at 180 West Kearns Ave.; 2660 South Juniper Lane, 1900 West Cinnamon Teal Road, and 700 West Ridge Road, all in Jackson Hole, Wyoming (which would be consistent with the information received that Warren Jeffs and/or Helaman Jeffs directed the men to come together and "work") and thus, possibly, the child may be in Jackson Hole, Wyoming, which is across state lines and outside the state of Utah if true. That said, your Affiant asserts that nobody known to the Mother, the Father, or law enforcement has provided any information regarding the current whereabouts of TKB.

**19.** Your Affiant alleges, upon information and belief, that the last time TKB was seen by the Mother (or anyone associated with the Mother, the Father and law enforcement) was on August 5th, 2022, in Piute County, State of Utah.

**20.** Your Affiant asserts, upon information and belief, that the Defendant is not TKB's Father, or Guardian, and has no legal right to exercise care, custody or control over this 10 year

old child. It is further asserted that the Defendant knew on August 3rd, 2022, and two-days later, on August 5th, 2022, that Mother Rose Jeffs intended to take custody and control of her daughter and that the Defendant denied her of that right.

21. Finally, your Affiant alleges upon information and belief that the Defendant's whereabouts are unknown, and more importantly the whereabouts of this 10 year old child are unknown, and that the Defendant is the last person observed with the child by Mother Rose Jeffs when the Defendant refused to allow her to take her child.

BASED upon the foregoing, the State of Utah asserts that there is Probable Cause to believe that the Defendant, HEBER PEARSON JEFFS, committed the crime of Child Kidnapping, a First Degree felony and that a Warrant for his arrest is necessary to secure his appearance before the 6th Judicial District Court in and for Piute County, State of Utah. In addition, the State of Utah requests that Warrant should be a "No Bail" Warrant and that the Defendant should be held in jail pending a hearing before the Court to determine if bail should be set bail and, if bail is set, the conditions of release.

DATED this 19th day of November, 2021.

PIUTE COUNTY ATTORNEY

/s/ Scott Burns

_____

Scott Burns
Utah Bar # 04283

9

**<u>VERIFICATION</u>**

**STATE OF UTAH    )**
                          :
**COUNTY OF IRON )**

     **SCOTT BURNS,** after being duly sworn, deposes and says: That I am the Piute County Attorney and the Complainant in the above-entitled matter and that I have read the foregoing Probable Cause Statement.  I further state that, based upon the reports from law enforcement and statements received from Rose Jeffs and Dowayne Jeffs, and evidence collected in the investigation of this case, I have prepared this Probable Cause Statement and state under oath and subject to all potential penalties for perjury, that I have read the reports and reviewed the evidence and (upon information and belief) I believe the same to be true and have, therefore, affixed my electronic signature to this Probable Cause Statement as if I had been present and signed the same before a Notary Public, or Sworn the same to be true, under Oath, before the Court, on the date that is set-forth hereafter.

     **DATED** this19th day of December, 2022.

     **PIUTE COUNTY ATTORNEY**

     **/s/  Scott Burns**

     Scott Burns
     Utah Bar # 04283